### GRANNIS *v.* HOBBY.

*(Supreme Court, General Term, Fourth Department.* February, 1892.)

MORTGAGES—FORECLOSURE—EVIDENCE.

> In an action by the assignee of the mortgagee to foreclose, where plaintiff makes out a *prima facie* case by offering the bond, mortgage, and assignment, and defendant gives evidence that the mortgage had been diverted from its original purpose, it is then competent, within the pleadings, for plaintiff to introduce evidence to show the circumstances attending the ownership by the assignor of the mortgage, and the purposes for which it was taken and held; such evidence being admissible to overcome or explain the evidence offered by defendant.

Appeal from special term, Oneida county.

Action by Charles K. Grannis against Addie L. Hobby. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN, J.

*C. M. Dennison* and *W. A. Matteson*, for appellant. *E. D. Mathews*, for respondent.

HARDIN, P. J. Plaintiff made out a *prima facie* case by the production of the bond and mortgage mentioned in the complaint, and an assignment thereof by the mortgagee to the plaintiff. The defendant sought to establish that the mortgage had been diverted from its original purpose, and gave evidence bearing upon that question. Thereafter it was competent, within the pleadings and to meet the proof given by the defendant, for the plaintiff to show the circumstances attending the ownership by the assignor of the mortgage, and the purposes for which it was taken and held. We think no amendment of the pleadings was required. The evidence received related to the issues presented by the pleadings, and that offered by the plaintiff was admissible to overcome or explain the evidence offered by the defendant.

2. We are of the opinion that the findings of fact made by the trial judge are supported by the evidence. He saw and heard the witnesses, and was called upon to consider the conflict in the evidence, and the contradictions and impeaching evidence, and to form his conclusions upon a survey of all the facts and circumstances developed upon the trial. After reading the evidence, and giving to the findings as made such influence as we think they should receive, we are inclined to sustain the same.

3. Apparently Hobby, the father of the defendant, was having credit from T. O. Grannis & Co., the bankers, at the time and prior to the execution of the mortgage in question; and the defendant was cognizant of the general course of dealing between her father and the bankers, and apparently she understood, when the arrangement was entered into looking to the canceling of prior incumbrances and giving a mortgage on the premises for $6,000, which should be a first mortgage, that the mortgage of $1,000, existing prior to the one in suit, was held by the bankers for the benefit of supporting her father's credit with the bankers. In order to effectuate the larger loan, she manifestly conferred certain discretionary powers upon her father in respect to the antecedent $1,000 mortgage, and in respect to the use to be made of the mortgage in suit. Acting upon that discretion, and as her agent, he consummated the arrangement as best he could, after a personal interview with the bankers, and as part of that arrangement lodged with them the mortgage in suit. They continued to hold the same for several years, and the facts and circumstances disclosed in the evidence are very persuasive and potential to indicate that the defendant became aware of the use made of the mortgage in suit by her father, and acquiesced in and ratified the same. In *Hamlin* v. *Sears*, 82 N.

Y. 330, it is said: "The general doctrine that one may, by affirmative acts, and even by silence, ratify the acts of another, who has assumed to act as his agent, is not disputed. It is illustrated by many cases to be found in the books, and set forth by all the text-writers upon the law of agency. But the doctrine properly applies only to cases where one has assumed to act as agent for another, and then a subsequent ratification is equivalent to an original authority." We think the case before us does not fall within the exception to the general rule stated in the case from which we have made the quotation.

4. In the opinion delivered by MERWIN, J., at special term, we find the questions in the case quite satisfactorily considered; and having found no prejudicial errors in the rulings made upon the trial, and being satisfied with the result reached at the trial, we approve the opinion delivered at special term, and sustain the judgment. Judgment affirmed, with costs.